HIGGINBOTHAM, J.,
dissenting.
IH respectfully dissent from the majority, because I find that the express language of La. R.S. 22:1931.5(4) authorizes the attorney general to seek a civil monetary penalty based on circumstances that post-date the fraudulent conduct, ie., against a person “who has entered a plea of guilty ... to criminal conduct arising out of circumstances which woukj constitute a violation of [La.] R.S. 22:1924.” The plain language of the statute demonstrates that it is not the antecedent conduct that is key, but rather, it is the guilty plea that gives the attorney general the authority to act. That authority to act does not accrue unless and until a guilty plea is entered. Therefore, the guilty plea, which was entered after the effective date of the statute in this case, triggered the attorney general’s right to act. Furthermore, I find that the application of the statute to the guilty plea is prospective, not retroactive, since the guilty plea occurred after the effective date of the statute.
Accordingly, I respectfully dissent from the majority and would reverse the judgment of the trial court that dismissed the State’s cause of action filed pursuant to the Sledge Jeansonne Act.